# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAREN JEAN MILLER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STAN NIIZAWA, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00824-OWW-DLB-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |

I.　Screening Order

Plaintiff Daren Jean Miller ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 24, 2006. Plaintiff alleges that his parole was wrongfully revoked, in violation of the Due Process Clause, and that both his preliminary hearing and final revocation hearing did not comport with due process. Plaintiff is seeking money damages and injunctive relief.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Plaintiff may not at this time bring a civil rights action arising out of his allegedly wrongful parole revocation. Plaintiff's sole remedy is to file a petition for writ of habeas corpus. Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 29, 2006**            /s/ **Dennis L. Beck**
3b142a                                    UNITED STATES MAGISTRATE JUDGE